# IN THE COURT OF APPEALS OF IOWA

No. 17-0156
Filed May 3, 2017

**IN THE INTEREST OF J.W., C.W., and W.W.,**
**Minor children,**

**R.W., Father,**
 Appellant,

**J.K., Mother,**
 Appellant.
_____


Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.


A mother and father separately appeal the termination of their parental rights to their children. **AFFIRMED ON BOTH APPEALS.**


Jacob L. Mason of JL Mason Law, P.L.L.C., Ankeny, for appellant father.

Jessica A. Millage of Millage Law Firm, P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kristi A. Traynor, Assistant Attorney General, for appellee State.

ConGarry D. Williams, Des Moines, guardian ad litem for minor children.


Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to their children. Upon our review of the record, we agree the statutory grounds for termination were met and termination was in the children's best interest. Therefore, we affirm the termination of both the mother's and the father's parental rights.

## I.        Background Facts and Proceedings

W.W., born March 2004; J.W., born November 2006; and C.W., born December 2008, came to the attention of the Iowa Department of Human Services (DHS) in July 2015, upon allegations the parents were using drugs, the children were not being properly supervised, and the home was unsafe. Specifically, the DHS was concerned both parents were using methamphetamine and the parents were allowing the children to play outside unsupervised at all hours of the day, including late in the evening. There were multiple reports the children were nearly hit by vehicles while they were playing in the streets around the family home.

On July 30, the children were removed from the home and placed with relatives, and after a contested removal hearing, the juvenile court approved the removal. The DHS offered services to the parents, including substance-abuse treatment, parenting classes, and therapy services. The father tested positive for methamphetamine in July, and although the mother did not test positive, she admitted to using methamphetamine with the father a week prior. After an initial round of substance evaluations, the father was recommended for substance-abuse treatment, but he did not attend. Both parents denied leaving their

children unsupervised and refused the DHS's request that they attend parenting classes. The parents also resisted efforts by the children's school to engage the parents in therapy services and behavior interventions with the children.

On September 22, the juvenile court adjudicated the children as children in need of assistance and modified their placement to different relatives. Following adjudication, both parents failed to comply with the DHS's request that they attend substance-abuse rehabilitation and provide drug screens. In December, the father was arrested for a probation violation and tested positive for methamphetamine. In March 2016, the parents were evicted from their home; they had not obtained permanent housing at the time of the termination hearing, despite assistance being offered by the DHS. Following a review hearing on March 29, 2016, the court ordered the mother and the father to provide a drug screen. The mother tested positive for methamphetamine, amphetamine, and marijuana; the father tested positive for methamphetamine and amphetamine. From April 2016 through September 2016, the parents again refused to participate in drug screens or substance-abuse treatment, as requested by the DHS. In May 2016, the parents attended one therapy session together, and the mother attended one individually, but they did not return.

On September 1, after more than one year of offered services, the State filed a petition to terminate the mother's and the father's parental rights. The matter came on for contested hearing on November 1, 2016. On January 13, 2017, the juvenile court terminated both the mother's and the father's parental rights under Iowa Code section 232.116(1)(e) and (f) (2016). Both the mother and father appeal.

On appeal, neither the mother nor father contest the evidence to support the termination under section 232.116(1)(f). Rather, both claim the State failed to prove the statutory grounds for termination under section 232.116(1)(e) and claim that termination was not in the children's best interest.

## II.     Standard of Review

"We review proceedings terminating parental rights de novo." *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In doing so, we are not bound by the factual findings of the juvenile court, though we do accord them some weight. *Id.*

## III.     Statutory Grounds for Termination

Iowa Code section 232.116(1)(f) permits termination if:

The court finds that all of the following have occurred:
(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother does not challenge termination under paragraph (f) on appeal, and the father explicitly concedes that termination was warranted under this paragraph in his brief.

"When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). Because neither party disputes the State proved the grounds for termination under paragraph (f) by clear and convincing evidence,

we need not discuss the issue further and affirm the court's findings. *See In re P.L.,* 778 N.W.2d 33, 40 (Iowa 2010) ("Because the father does not dispute the existence of the grounds under sections 232.116(1)(d), (h), and (i), we do not have to discuss this step.").

### IV.    Best Interest

After concluding statutory grounds for termination existed, the juvenile court next considered whether termination was in the children's best interest. The court stated:

> The parents have had fourteen months to work on the deficiencies and issues that brought their family to the Court's attention. It is difficult to find much of any progress made toward resolving their issues. The safety of their residence was an issue at removal, and they were subsequently evicted and have yet to secure housing for themselves, much less their three children. The parents' avoidance of drug screens and minimal admissions of use leave the Court with serious concerns about the extent of their substance abuse. The State has proven that the children cannot be safely returned to either of their parents at this time, nor is reunification imminently likely to occur.
>
> The children need a long-term commitment to be appropriately nurturing, supportive for their growth and development, and that appropriately meet[s] their physical, mental and emotional needs. The relative placement is meeting this criteria. The children have adjusted favorably . . . [and] services are being utilized or are being sought to assist with any behavioral or adjustment issues. The home is safe and appropriate to meet the needs of the children, and [the relative placement] ha[s] committed to being a long-term and adoptive home for these children.

We agree it was in the children's best interest to terminate both the mother's and the father's parental rights and nothing militated against termination. *See* Iowa Code § 232.116(3).

**V.** **Conclusion**

Because neither party appealed the grounds for termination under Iowa Code section 232.116(1)(f), we agree the grounds for termination were met. We also agree with the juvenile court that termination was in the children's best interest. Therefore, we affirm the juvenile court's decision.

**AFFIRMED ON BOTH APPEALS.**